# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| JAMES ESPARZA, | ) | |
|           Movant, | ) | |
| | ) | |
| vs. | ) | 1:09-cv-1397-LJM-MJD |
| | ) | |
| UNITED STATES OF AMERICA. | ) | |

### Entry Discussing Motion for Relief Pursuant to 28 U.S.C. § 2255 and Denying Certificate of Appealability

For the reasons explained in this Entry, the motion of James Esparza for relief pursuant to 28 U.S.C. § 2255 must be denied and the action dismissed with prejudice. In addition, the court finds that a certificate of appealability should not issue.

### I. The § 2255 Motion

Esparza entered a plea of guilty to drug offenses in IP03-CR-142-01-M/F. The court accepted Esparza's plea on June 25, 2004, finding that it complied with the requisites of Rule 11 of the *Federal Rules of Criminal Procedure.* Esparza was sentenced to 123 months, to be followed by an aggregate term of four years of supervised release, with the mandatory assessment of $200. Judgment of conviction was entered on October 5, 2004. No appeal was filed.

Esparza signed his Rule 60(b)(1) motion, which has been processed as a motion for relief pursuant to 28 U.S.C. § 2255, on October 8, 2009. The motion was docketed on November 9, 2009. The United States has appeared in the action and argues that Esparza's challenge was not timely filed.

Esparza's conviction became final on October 19, 2004, when his time to file a direct appeal expired. *Clay v. United States*, 537 U.S. 522, 532 (2003) ("for federal criminal defendants who do not file a petition for certiorari with his Court on direct review, §2255's one-year limitation period starts to run when the time for seeking such review expires."). Using the one-year period from "the date on which the judgment of conviction becomes final" specified in 28 U.S.C. § 2255(f)(1), to be timely, Esparza's present motion would have to have been filed by October 19, 2005. Applying the prison mailbox rule, *see Houston v. Lack,* 487 U.S. 266, 271 (1988) (a pro se prisoner litigant's papers are deemed to have been filed when they are placed in the hands of prison officials for mailing), the date Esparza signed the motion was approximately four years after the § 2255(f)(1) statute of limitations expired.

Esparza acknowledges that his motion was not timely filed. He, in essence, argues that equitable tolling should excuse his late filing. The court does not agree.

"Equitable tolling is granted sparingly, where extraordinary circumstances beyond the litigant's control prevented timely filing." *Robinson v. United States*, 416 F.3d 645, 650 n.1 (7th Cir. 2005). Indeed, equitable tolling is "such exceptional relief that we have yet to identify a circumstance that justifies equitable tolling in the collateral relief context." *Nolan v. United States*, 358 F.3d 480, 484 (7th Cir. 2004) (internal quotation omitted). *See also Poe v. United States*, 468 F.3d 473, 476-77 (7th Cir. 2006) (such extraordinary circumstances have yet to be presented to warrant equitable tolling).

Esparza argues that equitable tolling should be applied in this case to permit review of his claims because three months after being sentenced, on December 27, 2004, one of his legs was amputated from the knee down. He alleges that he suffered physically and psychologically as a result of the missing limb. He states he was depressed and required constant rehabilitative assistance. In *Modrowski v. Mote,* 322 F.3d 965, 967-68 (7th Cir. 2003), the court held that attorney incapacity in the form of personal and psychological difficulties would not be an appropriate ground for equitable tolling. *Modrowski* teaches that Esparza's physical and mental health issues would not rise to the level of "extraordinary circumstances" required for tolling. Although certainly he suffered on many levels from the amputation, Esparza has not shown that with due diligence he could not have timely filed a § 2255 motion on or before October 19, 2005.

Because the pleadings and the expanded record show that Esparza's § 2255 action was not timely filed, his motion for relief pursuant to 28 U.S.C. § 2255 must be denied without the court reaching the merits of his underlying claims. Judgment consistent with this Entry shall now issue.

## II. Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 proceedings, and 28 U.S.C. § 2253(c), the court finds that Esparza has failed to show (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 01/10/2011

LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana